[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The second count of the complaint, alleges breach of contract. It incorporates the allegation of the first count, which forms the basis for the claim of professional malpractice, which is the negligence count. The second count fails to allege any special undertaking above and beyond the duty of the medical provider to exercise the requisite standard of care. "A fair reading of the complaint reveals that the gravamen of the suit was the alleged failure of the defendant to exercise the requisite standard of care. Her complaint is absolutely barren of CT Page 5710 any allegation that the defendant breached any contractual agreement with her." Barnes v. Schlein, 192 Conn. 732, 735, 736
(1984).
The motion to strike the second count of the complaint is granted.
The fourth count of the complaint alleges a violation of Connecticut Unfair Trade Practices Act, General Statute Section 42-110 (b). The fourth count incorporates all of the paragraphs of the first count, the negligence count, and then claims that such conduct is a violation of CUTPA. The Supreme Court has determined that a CUTPA claim based solely on negligence is insufficient at law to support such claim. Williams Ford, Inc. v.Hartford Courant Co., 232 Conn. 559, 593 (1995), citing A-GFoods, Inc. v. Pepperidge Farms, Inc., 216 Conn. 200, 217 (1990).
The motion to strike the fourth count of the complaint, CUTPA, is granted.
L. Paul Sullivan, J.